1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re U.S. AGGREGATES, INC. SECURITIES LITIGATION | Master File No. C-01-1688-CW |
| | CLASS ACTION |
| This Document Relates To:<br><br>ALL ACTIONS. | ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE |

WHEREAS, a consolidated class action is pending before the Court entitled *In re U.S. Aggregates, Inc. Securities Litigation*, Master File No. C-01-0688-CW (the "Litigation");

WHEREAS, the Court has received the Stipulation of Settlement dated as of November 10, 2005 (the "Stipulation"), that has been entered into by the Lead Plaintiff and Defendants, and the Court has reviewed the Stipulation and its attached Exhibits; and

WHEREAS, the parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of this Litigation, in accordance with the Stipulation which, together with the Exhibits annexed thereto sets forth the terms and conditions for a proposed settlement of the Litigation and for dismissal of the Litigation with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court does hereby preliminarily approve the Stipulation and the settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

2. A hearing (the "Settlement Hearing") shall be held before this Court on February 3, 2006, at 10:00 a.m., at the United States Courthouse, 1301 Clay Street, Oakland, California, to determine whether the proposed settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Settlement Class and should be approved by the Court; whether a Judgment as provided in ¶1.9 of the Stipulation should be entered herein; whether the proposed Plan of Allocation should be approved; and to determine the amount of fees and expenses that should be awarded to Lead Counsel. The Court may adjourn the Settlement Hearing without further notice to Members of the Settlement Class.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for purposes of effectuating this settlement, a Settlement Class of all Persons who purchased U.S. Aggregates common stock between April 25, 2000 and April 2, 2001, inclusive. Excluded from the Settlement Class are Defendants, members of the immediate families of the

Defendants, any entity in which any Defendant has or had a controlling interest, former directors and officers of U.S. Aggregates, and the legal representatives, heirs, successors, or assigns of any such excluded person or entity. Also excluded from the Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class pursuant to the Notice of Pendency and Proposed Settlement of Class Action.

4. With respect to the Settlement Class, this Court preliminarily finds for purposes of effectuating this settlement that (a) the Members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Litigation is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of the Lead Plaintiff are typical of the claims of the Settlement Class; (d) the Lead Plaintiff and Lead Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Settlement Class in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Settlement Class; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the Litigation.

5. The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and Summary Notice for publication annexed as Exhibits A-1, A-2 and A-3 hereto, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in ¶¶6-7 of this Order meet the requirements of Federal Rule of Civil Procedure 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

6. Pursuant to Rule 53(c) of the Federal Rules of Civil Procedure, the Court appoints the firm of RG/2 Claims Administration LLC ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

1         (a)     Not later than December 15, 2005 (the "Notice Date"), Lead Counsel shall cause a copy of the Notice and the Proof of Claim, substantially in the forms annexed as Exhibits A-1 and A-2 hereto, to be mailed by first class mail to all Settlement Class Members who can be identified with reasonable effort;

        (b)     Not later than December 15, 2005, Lead Counsel shall cause the Summary Notice to be published once in *Investor's Business Daily*; and

        (c)     At least seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall cause to be served on Defendants' counsel and filed with the Court proof, by affidavit or declaration, of such mailing and publishing.

     7.     Nominees who purchased U.S. Aggregates common stock during the period beginning April 25, 2000 through April 2, 2001, inclusive, shall send the Notice and the Proof of Claim to all beneficial owners of such U.S. Aggregates common stock within ten (10) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners. Lead Counsel shall, if requested, reimburse banks, brokerage houses or other nominees solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Settlement Class Members out of the Class Notice and Administration Fund, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation.

     8.     All Members of the Settlement Class shall be bound by all determinations and judgments in the Litigation concerning the settlement, whether favorable or unfavorable to the Settlement Class.

     9.     Settlement Class Members who wish to participate in the settlement shall complete and submit Proof of Claim forms in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proof of Claim forms must be submitted no later than ninety (90) days from the Notice Date. Any Settlement Class Member who does not timely submit a Proof of Claim

1 within the time provided for shall be barred from sharing in the distribution of the proceeds of the
2 Net Settlement Fund, unless otherwise ordered by the Court.

3       10.    Any Person who desires to request exclusion from the Settlement Class shall do so
4 within the time set forth and in the manner described in the Notice.  All Persons who submit valid
5 and timely Requests for Exclusion in the manner set forth in the Notice shall have no rights under
6 the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound
7 by the Stipulation or the Judgment entered in the Litigation.

8       11.    Any Member of the Settlement Class may enter an appearance in the Litigation, at
9 their own expense, individually or through counsel of their own choice.  If they do not enter an
10 appearance, they will be represented by Lead Counsel.

11       12.    Any Member of the Settlement Class may appear and show cause, if he, she or it has
12 any reason, why the proposed settlement of the Litigation should or should not be approved as fair,
13 reasonable and adequate, why a judgment should or should not be entered thereon, why the Plan of
14 Allocation should or should not be approved, or why attorneys' fees and expenses should or should
15 not be awarded to Lead Counsel; provided, however, that no Settlement Class Member or any other
16 Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed
17 settlement, or, if approved, the Judgment to be entered thereon approving the same, or the order
18 approving the Plan of Allocation, or the attorneys' fees and expenses to be awarded to Lead Counsel,
19 unless that Person has delivered by hand or sent by first class mail written objections and copies of
20 any papers and briefs such that they are received on or before January 23, 2006, by: Lerach Coughlin
21 Stoia Geller Rudman & Robbins LLP, Joy Ann Bull, 655 West Broadway, Suite 1900, San Diego,
22 CA 92101; Heller Ehrman LLP, Michael L. Charlson, 275 Middlefield Road, Menlo Park, CA
23 94025; and Jeffer Mangels Butler & Marmaro LLP, Julia J. Rider, 1900 Avenue of the Stars, 7th
24 Floor, Los Angeles, CA 90067 and filed said objections, papers and briefs with the Clerk of the
25 United States District Court for the Northern District of California, on or before January 23, 2006.
26 Any Member of the Settlement Class who does not make his, her or its objection in the manner
27 provided shall be deemed to have waived such objection and shall forever be foreclosed from
28 making any objection to the fairness or adequacy of the proposed settlement as set forth in the

Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Lead Counsel, unless otherwise ordered by the Court.

13. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

14. All papers in support of the settlement, the Plan of Allocation, and the application by Lead Counsel for attorneys' fees or reimbursement of expenses shall be filed and served seven (7) calendar days before the Settlement Hearing.

15. Neither Defendants nor the Insurer shall have any responsibility for or liability with respect to the Plan of Allocation or any application for attorneys' fees or reimbursement of expenses submitted by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness and adequacy of the settlement.

16. At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees or reimbursement of expenses shall be approved.

17. All reasonable expenses incurred in identifying and notifying Settlement Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the settlement is not approved by the Court, or otherwise fails to become effective, neither the Lead Plaintiffs nor Lead Counsel shall have any obligation to repay any amounts actually and properly disbursed from the Class Notice and Administration Fund.

18. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind.

19. The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Members of the Settlement Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement. The Court may approve the

settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Settlement Class.

DATED: 11/23/05

/s/ CLAUDIA WILKEN

THE HONORABLE CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

Submitted by:

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
JEFFREY W. LAWRENCE
CHRISTOPHER P. SEEFER
SHIRLEY H. HUANG
100 Pine Street, Suite 2600
San Francisco, CA 94111
Telephone: 415/288-4545
415/288-4534 (fax)

LERACH COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
WILLIAM S. LERACH
JOY ANN BULL

JOY ANN BULL

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

Lead Counsel for Plaintiffs

C:\DOCUME~1\yvetteg\LOCALS~1\Temp\MetaSave\Preliminary Approval Order.doc