1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| In re U.S. AGGREGATES, INC. SECURITIES LITIGATION | ) ) ) ) ) ) ) ) ) | Master File No. C-01-1688-CW<br><br>CLASS ACTION<br><br>FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE<br><br>DATE:   March 24, 2006<br>TIME:   10:00 a.m.<br>COURTROOM:  The Honorable Claudia Wilken |
|---|---|---|
| This Document Relates To:<br><br>ALL ACTIONS. | | |

1    This matter came before the Court for hearing pursuant to an Order of this Court, dated
2 December 20, 2005, on the application of the Settling Parties for approval of the settlement set forth
3 in the Stipulation of Settlement dated as of November 10, 2005 (the "Stipulation"). Due and
4 adequate notice having been given of the settlement as required in said Order, and the Court having
5 considered all papers filed and proceedings held herein and otherwise being fully informed in the
6 premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND
7 DECREED that:
8    1.   This Judgment incorporates by reference the definitions in the Stipulation, and all
9 terms used herein shall have the same meanings set forth in the Stipulation.
10   2.   This Court has jurisdiction over the subject matter of the Litigation and over all
11 parties to the Litigation, including all Members of the Settlement Class.
12   3.   Except as to any individual claim of those Persons (identified in Exhibit 1 attached
13 hereto) who have validly and timely requested exclusion from the Settlement Class, the Litigation
14 and all claims contained therein, including all of the Released Claims, are dismissed with prejudice
15 as to the Lead Plaintiff and the other Members of the Settlement Class, and as against each and all of
16 the Released Persons. The parties are to bear their own costs, except as otherwise provided in the
17 Stipulation.
18   4.   Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby
19 approves the settlement set forth in the Stipulation and finds that said settlement is, in all respects,
20 fair, reasonable and adequate to, and is in the best interests of, the Lead Plaintiff, the Settlement
21 Class and each of the Settlement Class Members. This Court further finds the settlement set forth in
22 the Stipulation is the result of arm's-length negotiations between experienced counsel representing
23 the interests of the Lead Plaintiff, the Settlement Class Members and the Defendants. Accordingly,
24 the settlement embodied in the Stipulation is hereby approved in all respects and shall be
25 consummated in accordance with its terms and provisions. The Settling Parties are hereby directed
26 to perform the terms of the Stipulation.
27   5.   Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby
28 certifies, for purposes of effectuating this settlement, a Settlement Class of all Persons who

purchased U.S. Aggregates common stock between April 25, 2000 and April 2, 2001, inclusive. Excluded from the Settlement Class are Defendants, members of the immediate families of Defendants, any entity in which any Defendant has or had a controlling interest, former directors and officers of U.S. Aggregates, and the legal representatives, heirs, successors, or assigns of any such excluded person or entity. Also excluded from the Settlement Class are those Persons who timely and validly requested exclusion from the Settlement Class pursuant to the Notice of Pendency and Proposed Settlement of Class Action.

6. With respect to the Settlement Class, this Court finds for the purposes of effectuating this settlement that (a) the Members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Litigation is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of the Lead Plaintiff are typical of the claims of the Settlement Class; (d) the Lead Plaintiff and Lead Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Settlement Class in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Settlement Class; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the Litigation.

7. Upon the Effective Date, the Lead Plaintiff shall have expressly, and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Persons, whether or not such Settlement Class Member executes and delivers a Proof of Claim and Release form.

8. All Settlement Class Members are hereby forever barred and enjoined from prosecuting the Released Claims against the Released Persons.

9. Upon the Effective Date hereof, each of the Defendants shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and

discharged the Lead Plaintiff, each and all of the Settlement Class Members, and Lead Counsel from all claims (including Unknown Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Litigation or the Released Claims.

10. The distribution of the Notice of Pendency and Proposed Settlement of Class Action and the publication of the Summary Notice as provided for in the Stipulation and Order Re Mailing and Publishing of Notice of Settlement and Setting New Final Approval Hearing Date constituted the best notice practicable under the circumstances, including individual notice to all Members of the Settlement Class who could be identified through reasonable effort.  Said Notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed settlement set forth in the Stipulation, to all Persons entitled to such notice, and said Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, and any other applicable law.

11. Any plan of allocation submitted by Lead Counsel or any order entered regarding the attorneys' fee and expense application shall in no way disturb or affect this Final Judgment and shall be considered separate from this Final Judgment.

12. Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Defendants or their Related Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Defendants or their Related Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.  Defendants have denied and continue to deny each and all of the claims alleged in the Litigation.  Defendants may file the Stipulation and/or the Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses in the Litigation; and (d) all parties hereto for the purpose of construing, enforcing and administering the Stipulation.

14. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

15. In the event that the settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, or the Insurers, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

DATED: 3/24/06

/s/ CLAUDIA WILKEN

THE HONORABLE CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

Submitted by:

LERACH COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP
JEFFREY W. LAWRENCE
CHRISTOPHER P. SEEFER
SHIRLEY H. HUANG
100 Pine Street, Suite 2600
San Francisco, CA  94111
Telephone:  415/288-4545
415/288-4534 (fax)

LERACH COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP
WILLIAM S. LERACH
JOY ANN BULL

        s/ JOY ANN BULL
            JOY ANN BULL

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

Lead Counsel for Plaintiff

C:\DOCUME~1\yvetteg\LOCALS~1\Temp\MetaSave\(v1) EB-00024072.doc